UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DUANE JOACHIM,

          Plaintiff,

    v.

OAKLAND HOUSING AUTHORITY, et al.,

          Defendants.

Case No. 26-cv-03158-AMO

**ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE**

Re: Dkt. No. 7

On April 27, 2026, Plaintiff Duane Joachim, representing himself, filed an ex parte application for a temporary restraining order ("TRO") against Defendants Oakland Housing Authority, Chelsea Skorra, Satellite Affordable Housing Associates, Luke Prince, and Maya Medina.  Dkt. No. 7.

"Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required." *Misch v. Alameda Cnty. Sheriff's Off.*, No. 22-CV-05278- HSG, 2023 WL 5767464, at *5 (N.D. Cal. Sept. 6, 2023) (citing Fed. R. Civ. P. 65(b)).

Joachim's motion fails to meet these requirements.  His motion states that he "attempted to provide notice of this application to Defendants through their counsel of record, Mercedes Gavin, Esq."  Dkt. No. 7 at 8.  However, there is no counsel of record for Defendants in this case because no Defendant has appeared.  Further, it is not clear which Defendants Gavin purportedly

represents, how Joachim attempted to provide notice to Gavin, and whether he was able to contact Gavin.  Thus, Joachim has not shown that he provided Defendants with notice.  Moreover, Joachim has not provided the Court with specific facts that immediate or irreparable injury, loss, or damage will result before providing Defendants an opportunity to be heard.

Accordingly, the Court **DENIES** Joachim's ex parte motion for a temporary restraining order without prejudice.  Joachim may refile his motion for a temporary restraining order once he has either served all Defendants or explained why notice should not be required pursuant to Federal Rule of Civil Procedure 65(b).

**IT IS SO ORDERED.**

Dated: April 29, 2026

Araceli Martínez-Olguín
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**