United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DUANE JOACHIM,

Plaintiff,

v.

OAKLAND HOUSING AUTHORITY, et al.,

Defendants.

Case No. 26-cv-03158-AMO

**ORDER DISMISSING CASE, DENYING AS MOOT MOTION FOR ISSUANCE OF SUMMONS AND EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. Nos. 14, 16

On April 14, 2026, Plaintiff Duane Joachim, who proceeds in this action without the assistance of an attorney, filed an application to proceed in forma pauperis ("IFP") and a complaint. Dkt. Nos. 1, 3. The Court granted the application to proceed in forma pauperis on April 22, 2026 and permitted Plaintiff to file a corrected complaint. Dkt. No. 5. Plaintiff filed the corrected complaint on April 24, 2026. Dkt. No. 6.

As set forth in the Court's April 22, 2026 order:

> When a plaintiff is granted leave to proceed in forma pauperis, the Court must review the sufficiency of the Complaint under 28 U.S.C. § 1915(e)(2)(B) to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Dkt. No. 5 at 1. In addition, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("The defense of lack of subject matter jurisdiction cannot be waived, and the court

United States District Court
Northern District of California

is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction.").

In the operative complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 for deprivation of property without due process and violation of Equal Protection, *Monell*, retaliation in violation of the Fair Housing Act, 42 U.S.C. § 3617, and conspiracy to interfere with civil rights under 42 U.S.C. § 1985 based on Defendants' "coordinated scheme of fraudulent Housing Quality Standards ('HQS') inspections, falsified certifications, and deliberate suppression of habitability complaints."  Dkt. No. 6 at 1.  Plaintiff alleges Defendants systematically failed to maintain his "federally subsidized dwelling" and affirmatively concealed "life-threatening conditions including biological contamination, structural HVAC defects, water damage and black mold – conditions that caused [him] to suffer documented parasitic infection (Stronglyoides species), cellulitis, blistering, and ongoing bloodstream complications."  *Id.* at 2.  Plaintiff also alleges that Defendant Satellite Affordable Housing Associates filed an unlawful detainer action in retaliation for his protected fair housing complaints.  *Id.* at 4-5.

On June 2, 2026, Plaintiff filed an ex parte application for a temporary restraining order and order to show cause re preliminary injunction.[1]  Dkt. No. 16.  Plaintiff asks for an order "enjoining Defendants, their agents, the Alameda County Sheriff's Office, and all persons acting in concert with them, from executing a state court Writ of Possession and Notice to Vacate on or before June 9, 2026 at 6:01 a.m."  *Id.* at 1.

This Court lacks jurisdiction to grant Plaintiff the relief he seeks in this action, as doing so would interfere with the state court proceedings.  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (internal quotations and citation omitted; modification in original). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims."

---

[1] Plaintiff's previous application for emergency relief was denied for failure to give proper notice to Defendants.  Dkt. No. 10.

United States District Court
Northern District of California

"Interpreting the Supreme Court's directive, the Ninth Circuit has emphasized another criterion: (4) that the federal action would enjoin the state proceeding or have the practical effect of doing so." *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1167 (9th Cir. 2013)

Here, the above elements are met. Plaintiff's ex parte application seeks relief that interferes with an ongoing unlawful detainer action.[2] He also seeks to enjoin a process that implicates important state interests. *See Logan*, 722 F.3d at 1169 (concluding that *Younger* abstention was not warranted "because the state unlawful detainer action does not implicate important state interests" but taking no "position on whether [defendant's] unlawful detainer action would implicate an important state interest if [it] had already obtained a favorable judgment and [plaintiff] sought to enjoin its enforcement"); *Ray v. Cnty. of Los Angeles*, No. 2:26-CV-02678-MWC-DFM, 2026 WL 1233104, at *2 (C.D. Cal. Apr. 30, 2026) (denying ex parte application for temporary restraining order staying execution of state court judgment terminating parental rights).

Plaintiff also had an opportunity to raise the issues that give rise to his federal claims in state court. *Greene v. U.S. Bank, N.A. as Tr. for Truman 2016 SC6 Title Tr.*, No. 19-CV-07448-RS, 2020 WL 1308344, at *2 (N.D. Cal. Jan. 10, 2020) (denying motion for temporary restraining order where plaintiff alleged that a sheriff's lockout was imminent following foreclosure proceedings in state court and noting that plaintiff was aware of the basis for his claims at the time of the prior state court action, which "[h]e could, and should, have asserted"). Finally, granting Plaintiff the emergency preliminary relief he seeks here would interfere with the process necessary to bring the unlawful detainer proceedings to a conclusion. However, a "federal injunction directing the future course of the state litigation . . . is not the proper business of the federal judiciary." *H.C.*, 203 F.3d at 613-14.

For the reasons explained above, the Court finds that it must abstain under *Younger*, and so

---

[2] "To the extent the proceedings in state court have been completed, and Plaintiff is seeking to challenge a state-court judgment, Plaintiff's claims would be barred by the *Rooker-Feldman* doctrine[,]" because in order to stay the execution of the state court's writ of possession, "the Court would have to find the state court wrong in granting the order of eviction." *Panzer v. SC Hillside Berkeley Inc.*, No. 16-CV-06055-SK, 2016 WL 6393501, at *2 (N.D. Cal. Oct. 28, 2016) (dismissing complaint asserting federal claims arising out of unlawful detainer action for lack of subject matter jurisdiction).

United States District Court
Northern District of California

dismissal is appropriate. *See H.C.*, 203 F.3d at 613 ("When the case is one in which the *Younger* doctrine applies, the case must be dismissed."). Furthermore, because *Younger* abstention is required, Plaintiff's ex parte application for a temporary restraining order, Dkt. No. 16, is **DENIED AS MOOT**. *See Erichsen v. County of Orange*, 677 F. App'x 379, 381 (9th Cir. 2017) ("the district court properly held that Younger abstention required denial of the TRO application."). With the case dismissed, Plaintiff's motion for issuance of summons and service, Dkt. No. 14, is also **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: 6/3/2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**